UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Mendoza-Gonzalez, #33567-171, a/k/a Jonathan Gonzalez-Mendoza,<br><br>Petitioner,<br><br>vs.<br><br>Warden, FMC Fort Worth,<br><br>Respondent. | ) C/A No.   4:23-562-TMC-TER<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Petitioner is a federal prisoner in custody upon the filing of this § 2241 action and is currently in custody at Federal Medical Center in Fort Worth, Texas. Proper venue does not lie in the District of South Carolina under *Rumsfeld v. Padilla*, 542 U.S. 426, 442-444 (2004).  District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a).  Habeas relief is "issuable only in the district of confinement." *Id.* at 442. The habeas statute confirms the general rule that "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. "*Braden* in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." *Id.* at 445.

Petitioner's current custodian, the Warden of FMC Fort Worth is therefore the proper party respondent to Petitioner's § 2241 Petition and the Clerk should reflect such on the docket as captioned above. Further, the Federal Medical Center is located within the jurisdiction of the United States District Court for the Northern District of Texas and that court is the proper district of confinement. Accordingly, this court lacks jurisdiction to entertain this Petition. *See Rumsfeld*, 542 U.S. at 445 ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction."); *United States v. Morgan*, 305 Fed. Appx. 61, 62 (4th Cir. 2008) ("A § 2241

petition ... must be brought in the district of incarceration."). Petitioner's § 2241 Petition should be transferred to the United States District Court for the Northern District of Texas for further consideration and proceedings. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte."); 28 U.S.C. § 1631 (noting a district court should transfer a habeas petition to the proper district court if such transfer would serve the interest of justice); *Tairou v. Cannon*, No. 1:19-cv-674-JFA-SVH, 2019 WL 1905859, at *1 (D.S.C. Apr. 5, 2019) (recommending transfer of § 2241 action to the appropriate district court with jurisdiction), adopted by 2019 WL 1900918 (D.S.C. Apr. 29, 2019).

## RECOMMENDATION

Accordingly, it is recommended that this § 2241 action be transferred to the United States District Court for the Northern District of Texas.[1]

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 15, 2023
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

---

[1] Because the court raised the issue of transfer of venue *sua sponte*, pursuant to *Feller v. Brock,* 802 F.2d 722, 729 n.7 (4th Cir.1986), Petitioner must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.,* 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). **Petitioner's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge.** Further, as a matter of judicial efficiency, the custodian court can order Petitioner to pay the filing fee or file a motion for *in forma pauperis*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).